**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CHARLES SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:09-cv-00859 GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.　Screening Requirement**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claims**

The events at issue in this action occurred at the Kern County Detention Facility. Plaintiff, currently in the custody of the California Department of Corrections and Rehabilitation at Wasco State Prison, brings this civil rights action against Kern County defendants for conduct that occurred while Plaintiff was in the custody of the Kern County Sheriff's Department. Plaintiff claims that Kern County Sheriff's officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following defendants: Kern County; Kern County Sheriff's Department Detention Facilities; Kern County Medical Staff.

Plaintiff was transferred to the custody of the Kern County Sheriff's Department from Wasco State Prison to participate in a 60 day drug treatment program offered by the Kern County Sheriff's

1  Department. (Compl. 1:19.)  Prior to his transfer to Kern County custody, Plaintiff was treated for
2  weight loss.  Specifically, prison medical officials ordered that Plaintiff be provided with dietary
3  supplements.  Plaintiff, who at one point weighed 140 pounds, was advised that his normal weight
4  should be 180 pounds. (Compl. 1:11.)   Plaintiff was also receiving Motrin for an arthritic
5  condition.

6       At some point in 2008, Plaintiff was transferred to Kern County custody.  Plaintiff alleges
7  transfer dates of October 23, 2008 (Compl. 1:21) and November 23, 2008 (Compl. 2:13.) Plaintiff's
8  medical file was sent with Plaintiff.   When he was received into Kern County custody, Plaintiff
9  underwent a health screening by the reception nurse.  Plaintiff "expressed his medical concerns and
10 that I had been under Dr. Sheela care arriving at the Kern County Facility from Wasco State Prison
11 R/C." (Compl. 3:5.)

12      Plaintiff alleges that when he was received into Kern County custody, he weighed 156
13 pounds. (Compl. 3:15.)  On November 26, 2008, Plaintiff was summoned to "Kern Co. Medical
14 Services Staff."  Plaintiff was seen by medical staff.  Plaintiff's weight was to be monitored for 4
15 weeks. (Compl. 4:17.)   On December 27, 2008, Plaintiff filed a grievance.  Plaintiff does not
16 indicate what, specifically, he was complaining about.  On December 28, 2008, the grievance was
17 answered and Plaintiff "was given an appt. to discuss the disposition of 4 week evaluation of
18 Plaintiff's dietary supplement and arthritic pain in knees and hip." (Compl. 4:25.)

19      Plaintiff was prescribed medication for his arthritis, but not dietary supplements.  Plaintiff's
20 request for dietary supplements was denied by "medical staff." (Comp. 5:9.) Instead, a multivitamin
21 was prescribed, along with a supplementary sandwich at breakfast and at the evening meal. (Compl.
22 5:14.)  Plaintiff alleges that each meal supplement only contained 150 calories (Compl. 7:12.)
23 Plaintiff alleges that the failure to follow the prescribed treatment constitutes deliberate indifference
24 to a serious medical need. (Compl. 5:23.)

25      **A.    Eighth Amendment Medical Care Claim**

26      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
27 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
28 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

3

test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, Plaintiff fails to allege facts that satisfy the objective standard - facts indicating that Plaintiff was subjected to an objectively serious medical condition that caused him injury. The facts allege, at most, that Plaintiff was prescribed dietary supplements by prison doctors, but Kern County officials chose not to. Plaintiff alleges that he was examined by jail medical staff, who continued Plaintiff on his arthritic medications, but chose not to continue the dietary supplements. Those allegations, with nothing more, fail to state a claim for relief. Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's Eighth Amendment claim should therefore be dismissed on the merits.

Further, Plaintiff fails to name any individual defendants, and fails to identify any specific individual that engaged in conduct that indicates deliberate indifference to Plaintiff's serious medical need. Though Plaintiff has identified an objectively serious medical condition, he does not allege any facts indicating that any particular individual was aware of and deliberately indifferent to that medical condition.

A local governmental unit may not be held responsible for the acts of its employees under

4

a respondeat superior theory of liability. *See* Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff's claim is not cognizable as he states factual allegations as to actions by medical staff in general, yet fails to identify and/or allege a specific Kern County Sheriff's Department or Kern County policy, custom, or practice which he feels was the moving force behind the actions of the medical staff. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." Bd of the County Commissioners of Bryan County, Okla v. Brown 520 U.S. 397, 406-07 (1997) (emphasis in original). "[A] plaintiff seeking to establish that a facially lawful municipal action has led an employee to violate a plaintiff's rights

5

must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." Id. (*quoting* Canton v. Harris, 489 U.S. at 388. Further, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

Plaintiff's allegations that medical staff was deliberately indifferent to his serious medical needs is insufficient to state a claim of municipal liability that is plausible on its face. Thus, Plaintiff fails to state a cognizable claim against Kern County, the Kern County Sheriff's Detention Facilities, or Kern County Medical Staff.

**III.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   November 24, 2010**              /s/ Gary S. Austin
                                                        UNITED STATES MAGISTRATE JUDGE